IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 12-00641 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK ALLEN BLANKENSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES (ECF No. 54)**

Defendant Mark Allen Blankenship, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a sentence reduction.

Defendant's Motion to Reduce Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines (ECF No. 54) is **DENIED**.

**PROCEDURAL HISTORY**

On June 13, 2012, the grand jury returned the Indictment charging Defendant Mark Allen Blankenship with one count of obstruction of commerce by robbery in violation of 18 U.S.C. §

1

1951. (Indictment, ECF No. 9).

On August 10, 2012, Defendant pled guilty to the one count in the Indictment pursuant to a Plea Agreement. (ECF No. 25).

On September 9, 2013, the Government filed a Motion for Downward Departure. (ECF No. 43).

On September 26, 2013, Defendant's sentencing hearing was held. (ECF No. 49). The Government's Motion for Downward Department was granted. (Id.) Defendant was sentenced to 113 months imprisonment. (Id.).

On June 5, 2015, Defendant filed a letter with the Court stating that it was a "MOTION -782" and requesting that Defendant "be given the 2 point reduction." (ECF No. 54).

On June 10, 2015, the Court issued a Minute Order stating that it construed Defendant's letter as seeking a reduction in his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (ECF No. 55). The Court ordered the Government to respond to Defendant's pro se Motion and elected to decide Defendant's Motion without a hearing. (Id.)

On June 25, 2015, the Government filed "GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER REGARDING SENTENCING REDUCTION." (ECF No. 56).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o),(u).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry. Defendant is not eligible for a sentence reduction

pursuant to Amendment 782 to the United States Sentencing Guidelines.  Amendment 782 did not alter any of the Sentencing Guidelines applicable to the Defendant.

**I.  Defendant is Not Eligible for a Sentence Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines**

A reduction in a defendant's term of imprisonment is not authorized pursuant to 18 U.S.C. § 3582(c)(2) if the amendment to the United States Sentencing Guidelines did not alter the guidelines that are applicable to the defendant.  U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 782 to the United States Sentencing Guidelines did not alter the guidelines applicable to Defendant Blankenship.  Amendment 782 only amended the Drug Quantity Tables in U.S.S.G. §§ 2D1.1 and 2D1.11.

Defendant's Presentence Investigation Report indicates that the guidelines applicable to Defendant for his conviction for obstruction of commerce by robbery were calculated pursuant to U.S.S.G. §§ 2B3.1, 3E1.1(a), 3E1.1(b).  The Sentencing Guidelines applicable to Defendant were not altered by Amendment 782 to the United States Sentencing Guidelines.

Defendant's Motion (ECF No. 54) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

**CONCLUSION**

DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO AMENDMENT 782 OF THE UNITED STATES SENTENCING GUIDELINES (ECF No. 54) is **DENIED.**

IT IS SO ORDERED.

DATED: July 2, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge