IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 12-00641 HG-01 |
| | ) | Civ. No. 16-cv-00229 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK ALLEN BLANKENSHIP, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT MARK ALLEN BLANKENSHIP'S MOTION FOR
RELEASE ON BAIL (ECF NO. 64)**

Defendant Mark Allen Blankenship has filed a Motion for
Release on Bail (ECF No. 64) pending the resolution of his claim
under 28 U.S.C. § 2255 that his sentence is unconstitutional
pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) and
Descamps v. United States, 133 S.Ct. 2276 (2013).

Defendant's Motion for Release on Bail (ECF No. 64) is
**DENIED.**

## BACKGROUND

On June 13, 2012, a grand jury returned an Indictment
charging Defendant Mark Allen Blankenship with one count of
commission of a Hobbs Act robbery, in violation of 18 U.S.C. §
1951.  The Indictment stated:

1

[T]he defendant did obtain property belonging to
Walgreens Pharmacy consisting of four bottles of sealed
Oxycodine 30mg which contained 100 pills each, from the
person and in the presence of J.M., who is a Walgreens
pharmacist, which was engaged in interstate commerce,
against J.M.'s will by means of actual and threatened
force, violence, and fear of injury, immediate and
future, on J.M.

(Superseding Indictment on p. 2, ECF No. 9).

On August 10, 2012, Defendant Blankenship pled guilty
pursuant to a Plea Agreement before a Magistrate Judge to the one
count of the Indictment.  (ECF No. 25).

**Memorandum of Plea Agreement**

The Memorandum of Plea Agreement included a recitation of
the facts.  The Plea Agreement stated that Defendant approached
the pharmacy area of the Walgreens and demanded the pharmacist
place all Oxycodone medication into his basket.  (Memorandum of
Plea Agreement at ¶ 8(a), ECF No. 26).  The Plea Agreement
provided that the Defendant told the pharmacist that he had a gun
and would "jump the counter" if she did not comply, placing her
in fear of injury.  (<u>Id.</u> at ¶ 8(a)-(b)).

The Memorandum of Plea Agreement contained a stipulation
that the Court must impose a sentence of 151 months if it
accepted the Parties' plea agreement pursuant to Federal Rule of
Criminal Procedure 11(c)(1)(C).  (<u>Id.</u> at ¶ 4).

The Plea Agreement stated that the Defendant "acknowledges
that he qualifies as a 'career offender' in accordance with

Section 4B1.1" of the United States Sentencing Guidelines.  (<u>Id.</u> at ¶ 10(b)(ii)).

The terms of the Memorandum of Plea Agreement contained a waiver of Defendant's right to challenge his sentence.  The Plea Agreement stated the Defendant "knowingly waives the right to appeal, and also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge based on a claim of ineffective assistance of counsel." (<u>Id.</u> at ¶ 13).

On September 24, 2012, the Court accepted Defendant's guilty plea.  (ECF No. 30).

On September 9, 2013, the Government filed a Motion for Downward Departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines.  (ECF No. 43).  The Government sought a downward departure from the Parties' stipulation of 151 months imprisonment based on the Defendant's substantial assistance to authorities.  (<u>Id.</u>)

**Defendant's Sentencing Guidelines**

The Presentence Report determined that Defendant was a career offender and calculated his sentencing guidelines pursuant to the career offender guideline stated in Section 4B1.1 of the

3

United States Sentencing Guidelines.  (Presentence Report at ¶ 28, ECF No. 51).

United States Sentencing Guideline 4B1.1(a) (2012) provided:

**§4B1.1.   Career Offender**

(a)   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence of a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(U.S.S.G. § 4B1.1(a) (2012)).

Commentary to Section 4B1.1 stated that "crime of violence" has the meaning given that term in §4B1.2(a).

United States Sentencing Guideline 4B1.2(a) (2012) defined "crime of violence" as follows:

**§4B1.2.   Definitions of Terms Used in 4B1.1**

(a)   The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

   (1)   has an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk or physical injury to another.

(U.S.S.G. § 4B1.2(a) (2012)).

The Presentence Report determined that Defendant was subject to the career offender guideline found in Section 4B1.1(a)

because Defendant's Hobbs Act robbery was a crime of violence

that he committed when he was over the age of eighteen and

Defendant had been convicted of two prior crimes of violence as

defined in §4B1.2(a).  (Presentence Report at ¶ 28, ECF No. 51).

The Presentence Report stated:

> As shown in Part B (Criminal History) below, the
> defendant was convicted of Burglary in the First Degree
> in Case No.: 89-1801; 2 counts of Burglary in the First
> Degree in Case No.: 89-0985; Robbery in the Second
> Degree in Case No.: 90-2370; Robbery in the First
> Degree, Burglary in the First Degree, and Kidnapping in
> Case No.: 90-2371; Robbery in the Second Degree and
> Kidnapping in Case No.: 90-2372; Robbery in the Second
> Degree and Kidnapping in Case No.: 90-2373; Robbery in
> the Second Degree in Case No.: 90-2374; 2 counts of
> Bank Robbery in Case No.: 91-00920DAE; and Escape in
> the Second Degree in Case No.: 94-1455.  Since the
> instant offense involves a felony crime of violence,
> the defendant was 18 years or older at the time of the
> commission of the instant offense, and the defendant
> has at least 2 prior felony convictions for crimes of
> violence, he is a career offender within the meaning of
> USSG §4B1.1.  The offense level determined under USSG
> §4B1.1 is 32 rather than the lower level of 22 as
> calculated above.
>
> (Id.)

## Sentencing Hearing

On September 26, 2013, the Court held a sentencing hearing.

(ECF No. 49).  The Court adopted the findings in the Presentence

Report.  (Transcript of Sentencing Hearing at p. 8, ECF No. 69).

The Court agreed that Defendant had a base offense level of 32

pursuant to the career offender guideline in United States

Sentencing Guideline § 4B1.1.  (Presentence Report at ¶ 28, ECF

5

No. 51).  Defendant's guidelines were lowered by three points as a result of his acceptance of responsibility.  (Id. at ¶¶ 29-30).

Defendant's final advisory sentencing guidelines were calculated with a total offense level of 29 and a criminal history category of VI for a sentencing guidelines range of 151 to 188 months imprisonment.  (Id. at ¶¶ 31, 92; Transcript of Sentencing Hearing at p. 8, ECF No. 69).

The Court granted the Government's Motion for Downward Departure.  (Transcript of Sentencing Hearing at p. 12, ECF No. 69).

Defendant was sentenced to 113 months imprisonment. (Judgment, ECF No. 50).

Defendant did not appeal his conviction or his sentence.

On March 28, 2016, Defendant, proceeding pro se, filed a request for relief pursuant to the United States Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015). (ECF No. 60).

On March 30, 2016, the Court appointed the Federal Public Defender's Office to assist Defendant in seeking relief pursuant to the holding in Johnson.  (ECF No. 61).

On May 11, 2016, Defendant, with the assistance of the Federal Public Defendant's Office, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  (ECF No. 63).

Defendant seeks release on bail pending the resolution of his Section 2255 Motion.  (Motion for Release on Bail, ECF No. 64).

On June 24, 2016, the Court held a hearing on Defendant's Motion for Bail.

## ANALYSIS

I.  **The Court Has Authority to Grant Bail Pending Its Decision on a Section 2255 Motion in Extremely Limited Circumstances**

The Bail Reform Act does not apply to prisoners seeking post-conviction relief.  United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994).

Authority does exist, however, for the proposition that federal district judges do have the inherent power to grant bail pending a decision in a Section 2255 habeas corpus proceeding. Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001).  Such power is to be used very sparingly.  Cherek, 767 F.2d at 337.

The Court recognizes that the Ninth Circuit Court of Appeals has yet to address the issue.  See In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001) (vacating a district court's grant of bail, but declining to address if the district court had the authority to release the prisoner pending resolution of his habeas motion).

All of the Circuit Courts of Appeals that have addressed the issue have found that the district court does possess the

7

authority to grant bail pending resolution of a Section 2255
Motion.  See Hall v. S.F. Superior Court, 2010 WL 890044, at *2
(N.D. Cal. Mar. 8, 2010) (collecting cases).

Habeas corpus is an equitable remedy to be administered with
flexibility.  Schlup v. Delo, 513 U.S. 298, 319 (1995); Harris v.
Nelson, 394 U.S. 286, 291 (1969).  The United States Court of
Appeals for the Second Circuit has found that the federal judge's
power to grant bail pending the resolution of a habeas corpus
motion is necessary in order to make the habeas remedy effective
as law and justice require.  Mapp, 241 F.3d at 226.

The Court agrees with the Circuit Courts of Appeals and the
majority of District Courts in the Ninth Circuit that have found
that District Courts have the authority to grant bail pending a
determination of a Section 2255 Motion.  See, e.g., Woodcock v.
Donnelly, 470 F.2d 93, 94 (1st Cir. 1972); Mapp, 241 F.3d at 226
(2d Cir. 2001); United States v. Smith, 835 F.2d 1048, 1050 (3d
Cir. 1987); United States v. Perkins, 53 Fed. Appx. 667, 669 (4th
Cir. 2002); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.
1974); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek,
767 F.2d at 337 (7th Cir. 1985); Martin v. Solem, 801 F.2d 324,
329 (8th Cir. 1986); United States v. Read-Forbes, 628 Fed. Appx.
621, 622 (10th Cir. 2016) (citing Pfaff v. Wells, 648 F.2d 689,
693 (10th Cir. 1981)); Baker v. Sard, 420 F.2d 1342, 1343–44
(D.C. Cir. 1969).

The Court recognizes that the authority to grant bail pending a decision on a Section 2255 Motion is limited and should be exercised sparingly.  <u>Cherek</u>, 767 F.2d at 337; <u>Mapp</u>, 241 F.3d at 226.

## II.  Standard for Granting Bail Pending Resolution of a Section 2255 Motion

Courts have considered two primary factors in evaluating a request for bail in a habeas corpus proceeding:

(1)  a high probability of success on the merits on the habeas motion, and;

(2)  exceptional or extraordinary circumstances to support release on bail.

<u>Mett</u>, 41 F.3d at 1282;  <u>Landano v. Rafferty</u>, 970 F.2d 1230, 1239 (3d Cir. 1992).

Defendant cited the decision in <u>Mett</u> and the decision in <u>Land v. Deeds</u>, 878 F.2d 318, 318-19 (9th Cir. 1989) for the proposition that the Court should apply the test in the disjunctive.  The <u>Mett</u> and <u>Deeds</u> decisions did not analyze whether the test should be applied conjunctively or disjunctively, but rather found that the prisoners in those cases did not meet either prong of the test.  <u>Mett</u>, 41 F.3d at 1282; <u>Deeds</u>, 878 F.2d at 318.

The cases that have analyzed the test in more detail have determined that the test should be applied in the conjunctive. <u>See</u> <u>Landano</u>, 970 F.2d at 1239; <u>Calley</u>, 496 F.2d at 702; <u>Martin</u>,

9

801 F.2d at 329.  Both a high probability of success on the merits of the habeas motion, and exceptional or extraordinary circumstances, should be present to warrant release on bail.

The majority of District Courts in the Ninth Circuit have found it appropriate to apply the test conjunctively.  See, e.g., United States v. Lee, Crim. No. 12-00133 JMS-02, 2016 WL 1039046, *3-*4; Hall, 2010 WL 890044, *3.  Extraordinary circumstances alone would not be sufficient.

Defendant is required to demonstrate both a high probability of success in his habeas motion **and** extraordinary or exceptional circumstances in order for bail to be granted pending resolution of his Section 2255 Motion.

## III. Defendant's Section 2255 Motion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("a Section 2255 Motion").  The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute.  28 U.S.C. § 2255(f).

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

**A.    Defendant's Conviction Became Final on October 15, 2013**

On October 1, 2013, Judgment was entered against Defendant. (ECF No. 50).  Defendant did not file an appeal.  On October 15, 2013, fourteen days after Judgment was entered, Defendant's conviction became final.  Fed. R. App. P. 4(b); <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641, 653 (2012); <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005).

Absent some alternative start date, Defendant's time for filing a Section 2255 Motion expired on or about October 15, 2014.  Defendant filed his Section 2255 Motion on May 11, 2016, more than one year after the date when his judgment became final.

**B.    Defendant Was a Career Offender Subject to an Enhanced Sentence Pursuant to the United States Sentencing Guidelines**

On October 1, 2013, Defendant was sentenced for having committed a Hobbs Act Robbery, as charged in Count 1 of the Indictment, in violation of 18 U.S.C. § 1951.

Defendant was subjected to an enhanced sentence as a career offender pursuant to Section 4B1.1 of the United States Sentencing Guidelines.

**1.    Defendant Stipulated that He Was a Career Offender and Waived His Right to Collaterally Attack His Sentence**

11

In his Memorandum of Plea Agreement, Defendant stipulated that he was a career offender. (Memorandum of Plea Agreement at ¶ 10(b)(ii), ECF No. 26). Defendant stipulated that the sentencing guideline definition of "career offender" found in Section 4B1.1 of the United States Sentencing Guidelines applied to him. Id. Defendant agreed that his sentencing guidelines were properly calculated for a total offense level of 29 and a criminal history category of VI. (Id. at ¶ 10(b)(i)).

Defendant is bound by his stipulation. See, e.g., United States v. Victorio, 621 Fed. Appx. 422, 423 (9th Cir. 2015); United States v. Ferreboeuf, 632 F.2d 832, 836 (9th Cir. 1980); United States v. Miranda, 484 Fed. Appx. 70, 71 (7th Cir. 2012) ("Miranda waived this potential argument by stipulating to his career-offender status in the plea agreement.")).

Defendant's Memorandum of Plea Agreement waived his right to collaterally attack his sentence by filing a Section 2255 Motion. (Memorandum of Plea Agreement at ¶ 13, ECF No. 26).

The waiver contained in the Memorandum of Plea Agreement is enforceable as the language of the waiver precludes the filing of a Section 2255 Motion that does not assert a claim for ineffective assistance of counsel and the waiver was knowingly and voluntarily made. United States v. Leniear, 574 F.3d 668, 672 n.3 (9th Cir. 2009); see United States v. Medina-Carrasco, 815 F.3d 457, 461 (9th Cir. 2015).

12

2.   **Defendant's Hobbs Act Robbery Was Committed By Threatened Use of Force**

Defendant was subject to an increase in his Sentencing Guidelines pursuant to Section 4B1.1 as a career offender who was convicted of a crime of violence after sustaining at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a) (2012).

Section 4B1.2(a) defined crime of violence as follows:

(a)   The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

  (1)   has an element the use, attempted use, or threatened use of physical force against the person of another, or

  (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk or physical injury to another.

(U.S.S.G. § 4B1.2(a) (2012)).

The Court found that Defendant committed the Hobbs Act Robbery by threatened use of force by relying on the Indictment and the Memorandum of Plea Agreement.

**(a)   Indictment**

A Hobbs Act Robbery is defined by statute as follows:

[T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened forced, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or

13

possession, or the person or property of a relative or
member of his family or of anyone in his company at the
time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The Indictment provided that Defendant committed a Hobbs Act

Robbery by force.  The Indictment stated:

> [T]he defendant did obtain property belonging to
> Walgreens Pharmacy consisting of four bottles of sealed
> Oxycodine 30mg which contained 100 pills each, from the
> person and in the presence of J.M., who is a Walgreens
> pharmacist, which was engaged in interstate commerce,
> against J.M.'s will by means of actual and threatened
> force, violence, and fear of injury, immediate and
> future, on J.M.

(Indictment at p. 2, ECF No. 9).

### (b)   Memorandum of Plea Agreement

Defendant's Memorandum of Plea Agreement demonstrated that

Defendant committed the Hobbs Act Robbery by threatened use of

force.  Defendant acknowledged in the Plea Agreement that he

demanded the Walgreens pharmacist place all Oxycodone medication

into his basket and that the Defendant told her that he had a gun

and would "jump the counter" if she did not comply.  (Id. at ¶

8(a)-(b)).

The Court accepted the Parties' Plea Agreement and found

that Defendant committed the Hobbs Act Robbery by threatened use

of force.

### 3.   The Hobbs Act Robbery Committed By Threatened Use of Force Constituted a Crime of Violence

Defendant's conviction for Hobbs Act Robbery constituted a crime of violence because it included the element of the threatened use of physical force pursuant to Section 4B1.2(a)(1) of the United States Sentencing Guidelines.

In <u>United States v. Mendez</u>, the Ninth Circuit Court of Appeals held that a Hobbs Act Robbery "indisputably qualifies as a crime of violence". <u>United States v. Mendez</u>, 992 F.2d 1488, 1491 (9th Cir. 1993). The Ninth Circuit Court of Appeals recently reaffirmed <u>Mendez</u> following the United States Supreme Court's decisions in <u>Johnson</u> and <u>Descamps</u> to find that a Hobbs Act Robbery is a crime of violence if it has an element the use, attempted use, or threatened use of physical force against the person or property of another. <u>United States v. Howard</u>, __Fed. Appx. ___, 2016 WL 3470070, *1 (9th Cir. June 24, 2016).

The Defendant's Indictment and Memorandum of Plea Agreement established that Defendant threatened use of physical force when he demanded Oxycodone from the Walgreens pharmacist and stated that he had a gun and would jump the counter if she did not comply with his demands. (Indictment at p. 2, ECF No. 9; Memorandum of Plea Agreement at ¶ 8(a)-(b), ECF No. 26).

15

**4.   Defendant Was Properly Sentenced as a Career
Offender Based on his Prior Crimes of Violence**

Pursuant to U.S.S.G. § 4B1.1(a), Defendant was sentenced as
a career offender because Defendant had at least two prior
convictions for crimes of violence prior to committing the Hobbs
Act Robbery by threatened use of physical force.

Defendant's Presentence Report reflected that Defendant was
subject to the career offender guidelines because he had a prior
conviction for Bank Robbery in violation of 18 U.S.C. § 2113(a)
in Cr. No. 91-00920 DAE, as well as a conviction for Robbery in
the First Degree, and various convictions for Robbery in the
Second Degree and Kidnapping.  (Presentence Report at ¶¶ 28, 44-
49, ECF No. 51).

Defendant relies on the United States Supreme Court decision
in Descamps v. United States, 133 S.Ct. 2276 (2013) to assert
that Defendant's prior convictions do not constitute crimes of
violence.  The decision in Descamps was issued on June 20, 2013,
before Defendant was sentenced on October 1, 2013.  Descamps was
already applicable to Defendant.

Defendant has not demonstrated a high probability of success
on his arguments based on the holding in Descamps.  The Ninth
Circuit Court of Appeals has held that Bank Robbery in violation
of 18 U.S.C. § 2113(a) is a categorical crime of violence.
United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990); United

16

States v. Steppes, 2016 WL 3212168, *1 (9th Cir. June 10, 2016).

Defendant has not cited any cases that have held that Robbery in the First Degree in violation of Haw. Rev. Stat. § 708-840 or Robbery in the Second Degree in violation of Haw. Rev. Stat. § 708-841 are not crimes of violence pursuant to the categorical approach or the modified categorical approach set forth in Descamps.

> **C.   The Decision in Johnson v. United States Does Not Apply to Defendant Blankenship**

A United States Supreme Court decision that recognizes a new right that is retroactively applicable to cases on collateral review provides an exception to the one-year deadline for filing a Section 2255 Motion.  28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358 (2005).

Defendant argues that his Section 2255 Motion is timely because it was filed within a year of the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

The Johnson decision has been found to apply retroactively to cases on collateral review.  Welch v. United States, 136 S.Ct. 1257, 1268 (2016).  Defendant has not, however, demonstrated that the holding in Johnson applies to his case. The holding in Johnson prohibits enhancing sentences of

17

individuals pursuant to **the Residual Clause of the Armed Career Criminal Act** of 1984. <u>Johnson</u>, 135 S.Ct. at 2557-58. Defendant was not sentenced pursuant to the Armed Career Criminal Act. Defendant was sentenced pursuant to the advisory sentencing guidelines.

<u>Johnson</u> invalidated the **Residual Clause of the Armed Career Criminal Act** that defined "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

The United States Supreme Court held in <u>Johnson</u> that the **Residual Clause of the Armed Career Criminal Act** was unconstitutional pursuant to the void-for-vagueness doctrine that is mandated by the Due Process Clause of the Fifth Amendment to the United States Constitution. <u>Welch</u>, 136 S.Ct. at 1261. The void-for-vagueness doctrine prohibits the government from imposing sanctions under a criminal law that is so vague that it fails to give ordinary people fair notice of the conduct it punishes or is so standardless that it invites arbitrary enforcement. <u>Id.</u> at 1261-62.

Defendant Blankenship was not sentenced pursuant to an unconstitutionally vague criminal statute as was the defendant in <u>Johnson</u>. Defendant was sentenced with the assistance of advisory sentencing guidelines that are not mandatory.

Neither the United States Supreme Court nor the Ninth

18

Circuit Court of Appeals has found Section 4B1.2(a)(2) of the United States Sentencing Guidelines is unconstitutional.

The Ninth Circuit Court of Appeals recently declined to decide the constitutionality of U.S.S.G. § 4B1.2(a)'s definition of crime of violence in <u>United States v. Jason Lee</u>, ___ F.3d ___, 2016 WL 2638364 *2 (9th Cir. May 6, 2016).

The dissent in <u>United States v. Jason Lee</u> indicated that if the appellate court examined the constitutionality of Section 4B1.2(a)(2), "[i]t is not immediately obvious that Lee's sentence should be vacated because of the Supreme Court's void for vagueness doctrine." <u>Id.</u> at *8 (Ikuta, J. dissenting and citing <u>Johnson</u>).

The dissent stated that <u>Johnson</u> may not be extended to Section 4B1.2(a) of the United States Sentencing Guidelines because the sentencing guidelines are "merely advisory and do not fix the penalty for any offense." <u>Id.</u> at *8-*10 (Ikuta, J. dissenting). The dissent emphasized that a district court has broad discretion to impose a sentence inside or outside the recommended Guidelines range and because a district court is not strictly bound by the Guidelines, neither the fair notice concern nor the arbitrary enforcement concern giving rise to the holding in <u>Johnson</u> is applicable in the Sentencing Guidelines context. <u>Id.</u> The dissent concluded that:

> [A]ny vagueness in the §4B1.2 residual clause does not
> violate the Due Process Clause.  Therefore, the

19

reasoning in Johnson is not directly applicable to the
Guidelines and the Guidelines residual clause is not
void for vagueness, even though Johnson overrules our
cases that previously interpreted § 4B1.2.

Id. at *10 (Ikuta, J. dissenting).

Defendant has not demonstrated that he has a high
probability of success on the merits of his Section 2255 Motion.
Defendant is not entitled to release on bail pending a decision
on his Section 2255 Motion.

## IV.   Defendant Has Not Demonstrated that Exceptional or Extraordinary Circumstances Exist

Special or extraordinary circumstances are required to
support Defendant's release on bail pending resolution of his
Section 2255 Motion.

Defendant argues that extraordinary circumstances apply
because he may have already served the sentence that he would be
given, if granted habeas relief.  Cohn v. Arizona, 2015 WL
4607680, at *2 (D. Ariz. July 31, 2015) (citing Deeds, 878 F.2d
at 318; Salerno v. United States, 878 F.2d 317 (9th Cir. 1987);
Landano, 970 F.2d at 1239).

Unlike the decisions involving the Armed Career Criminal
Act, Defendant is not subject to such a low statutory maximum
sentence that would allow him to demonstrate that he may have
already served the sentence that is applicable to him.

Unlike a defendant in other Johnson cases who were subject

20

to a ten-year statutory maximum, the statutory maximum for Defendant's conviction as to Count 1 is **20 years**, pursuant to 18 U.S.C. § 1951.  (See Presentence Report at ¶ 91, ECF No. 51).

In addition, Defendant has not demonstrated that he is a good candidate for bail.  United States v. Leach, Cr. No. 05-00531JMS, 2016 WL 2977236, *2 (D. Haw. May 20, 2016).  The Presentence Report reflects that Defendant has 18 felony convictions, which include a firearm offense, 4 burglary convictions, 8 robbery convictions, 2 kidnapping convictions, and an escape conviction.  (Presentence Report at pp. 9-19, ECF No. 51).

The Defendant's convictions included a variety of egregious conduct, including: 1) in two instances the Defendant bound a victim's arms and legs; 2) the Defendant held a knife over his head while threatening to kill a victim; 3) the Defendant attacked a victim in the victim's hotel room with a pair of gardening shears and then claimed that he was the victim; 4) the Defendant choked a victim while demanding his wallet and vehicle; 5) in three instances, the Defendant told a victim that he had a gun; and 6) the Defendant told a victim that he had a gun and threatened to kill the victim.  (Id.)

Defendant has not demonstrated a basis for granting bail pending a decision on his motion for habeas relief.

## CONCLUSION

Defendant's Motion for Release on Bail (ECF No. 64) is **DENIED**.

IT IS SO ORDERED.


DATED:   Honolulu, Hawaii, June 28, 2016.




_____
Helen Gillmor
United States District Judge


United States of America v. Mark Allen Blankenship, Criminal No. 12-00641 HG-01, Civil No. 16-00229 HG-KSC; **ORDER DENYING DEFENDANT MARK ALLEN BLANKENSHIP'S MOTION FOR RELEASE ON BAIL (ECF NO. 64)**

22